IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC
    Plaintiff

Vs.

JOHN DOES 1-12,
    Defendants

: CASE No. 2:12-cv-03147-AB

## MOTION TO DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 1 AND IN THE ALTERNATIVE MOTION TO QUASH SUPOENA AGAINST JOHN DOE 1 ONLY

JOHN DOE 1, respectfully moves this Court for dismissal or severance of his case from the above-captioned matter, as well as a Motion to Quash Subpoena served on an internet service provider, hereinafter referred to as "ISP", seeking information about JOHN DOE 1 and for a protective order regarding JOHN DOE 1, only.

### I. PETITION FOR DISMISSAL OR SEVERANCE

1. Plaintiff has subpoenaed records from Comcast Corporation indicating that the assigned internet protocol address has been used through Comcast and that John Doe 1, among others, have all allegedly infringed copyright on the internet by uploading or downloading film product without permission.

2. This alleged improper action was allegedly done using a device assigned an IP address on May 8, 2012 at 7:40 am.

3. Malibu Media has a filed a Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26 (f) Conference on June 6, 2012

4. The Order granting above mentioned motion was signed June 22, 2012.

5. In the motion Malibu Media sought leave to serve subpoenas on the Internet Service Providers (ISPs) of the 12 John Doe defendants seeking disclouser of each defendant's name, address, telephone number, email address and Media Access Control Number.

6. The attempted means of discovery and joinder by Plaintiff has been repeatedly held throughout the federal courts as being inappropriate for numerous reasons and the Courts have uniformly granted dismissal or severance when requested, because there has been no specific showing that Plaintiff has satisfied the test for permissive joinder in a single lawsuit pursuant to Federal Rules of Civil Procedure 20.

7. The Courts have held that the fact that a large number of people may use the same method to allegedly violate the law does not authorize them to be joined as Defendants in a single lawsuit. Nassau Cnty. Assoc. of Ins. Agents. Inc. vs. Aetna Life & Casualty, 497 F.2d 1151, 1154 (2d Cir. 1974) Digital Sins, Inc. vs. John Does 1- 245, United States District Court for the Southern District of New York, 11 Civ. 8170 (CM) (2012).

8. The Plaintiff has not shown that this Court has In Personam Jurisdiction over John Doe 1 or any other Defendants named in the above-captioned action.

9. Although an IP locator may identify that the specific Defendant is possibly within the Philadelphia Area, it has been held that such IP locators are not 100% accurate and that there must be a showing that the specific Defendant is a citizen and not a resident of some State other than Pennsylvania.

II. MOTION TO QUASH

1. As indicated earlier, this action has sought by means of immediate discovery, Rule 45 Subpoenas directed to non-party Internet Service Providers (ISPs) to obtain identifying

information about subscribers to the named IP address as a result of the alleged uploading and downloading of movie film product by each and every defendant.

2. Malibu Media filed a motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26 (f) conference on June 6, 2012.

Wherefore, Defendant, identified as John Doe 1, hereby respectfully moves this Court to dismiss or sever the above-captioned matter from the above-captioned action and in the alternative moves this Honorable Court to quash the subpoena against John Doe 1, only.

Respectfully submitted,

/s/John Doe 1
John Doe 1
Pro se

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC : CASE No. 2:12-cv-03147-AB
            Plaintiff :
:
Vs. :
:
JOHN DOES 1-12, :
            Defendants :

## MEMORANDUM OF LAW

As stated afore hand in the Motion, this case is, once again, an example of a mass copyright type case filed in District Courts throughout the United States against the alleged wrongdoing by the downloading of copyright protected movies from the internet.

In this matter, Plaintiff has sued 12 John Doe Defendants without identifying names, addresses or any other identifying information.

In this case, as with the cases referenced in the Motion, there is no allegations that these cases have similar fact and circumstance patterns or that Defendants acted in concert with each other.

Plaintiff has a strict burden in this matter and cannot assert that the Defendants committed the same type of violation in the same way. Because Plaintiff cannot meet this burden, permissive joinder is not authorized under Federal Civil Procedure 20. Nassau Cnty. Assoc. of Ins. Agents. Inc. vs. Aetna Life & Casualty, 497 F.2d 1151, 1154 (2d Cir. 1974) Digital Sins, Inc. vs. John Does 1- 245, United States District Court for the Southern District of New York, 11 Civ. 8170 (CM) (2012).

As stated before, the Courts throughout the United States have consistently severed and/or dismissed these mass copyright suits when requested and ordered the Plaintiff to file

individual actions against individual defendants, instead of the mass litigation technique that it has attempted to use. In re BitTorrent Adult Film Copyright Infringement Cases, CV 11-3995; 12-1147; 12-1154. Malibu Media, LLC vs. John Does 1 – 26, CV 12-1147; Malibu Media vs. John Does 1 – 11, CV 12-1150 and Patrick Collins, Inc. vs John Does 1 – 9, CV 12-1154.

In this action, the Petitioner respectfully moves this Court to sever and/or dismiss the case against John Doe 1 or in the alternative to quash the subpoena against John Doe 1.

Respectfully submitted,

/s/John Doe 1
John Doe 1
Pro se

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC<br>　　　　Plaintiff | : CASE No. 2:12-cv-03147-AB<br>:<br>: |
| Vs. | : |
| JOHN DOES 1-12,<br>　　　　Defendants | :<br>: |

### CERTIFICATE OF SERVICE

I hereby certify that on 8/21/2012, I served a copy of the foregoing document, via U.S. Mail, on:

>Fiore & Barber, LLC
>425 Main Street, Suite 200
>Harleysville, PA 19438

>Respectfully submitted,
>
>/s/John Doe 1
>John Doe 1
>Pro se

FILED
AUG 2 2012
MICHAEL ___, Clerk
By _____ Dep. Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | CASE No. 2:12-cv-03147-AB |
| Plaintiff | : | |
| | : | |
| Vs. | : | |
| | : | |
| JOHN DOES 1-12, | : | |
| Defendants | : | |

### RULE TO SHOW CAUSE

AND NOW, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that a Rule to Show Cause is hereby granted against the Plaintiff to show cause why the above – captioned matter should not be dismissed or severed against Defendant, John Doe 1, or in the alternative a Rule to Show Cause why a Motion to Quash the subpoena against John Doe 1 should not be granted.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC : CASE No. 2:12-cv-03147-AB
      Plaintiff :
:
Vs. :
:
JOHN DOES 1-12, :
      Defendants :

## ORDER

AND NOW, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that the Motion to Quash is granted and Defendant, John Doe 1, is severed/dismissed from the above – captioned matter.

BY THE COURT

_____
J.