UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
                           :

MALIBU MEDIA, LLC,
                           :

                           :     Civil Action No. 2:12-cv-03147-AB

               Plaintiff,       :

                           :

              vs.             :

                           :

JOHN DOES 1-12,
                           :

              Defendants.    :

---------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS AND IN THE ALTERNATIVE, TO ISSUE A PROTECTIVE ORDER AND
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

## I.  INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper. Recently, this Court issued five opinions addressing the same issues in BitTorrent copyright infringement actions, holding that all similar motions should be denied because Plaintiff's right to pursue its claim for copyright infringement outweighs any asserted rights to privacy by the Doe Defendants and that joinder of the Defendants was proper.  See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012);  Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012); Malibu Media, LLC v. John Does 1-22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012).  "There is extensive caselaw supporting

Plaintiff's actions in this case and precluding the Motion's requested relief.  Plaintiff's copyright infringement action is contemplated by modern law and shall proceed."  Id.

Other Courts in the Third Circuit have reached similar conclusions.  See K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) ("Plaintiff's interest in discovering Defendants' identities outweighs Defendants' interests in remaining anonymous. Accordingly, the Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered."); see also Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D. N.J. Jan 6, 2012) ("Plaintiff has also sufficiently alleged a central need for the subpoenaed information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim.")

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants.  The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant."  In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005).  Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany."  By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.  Doe 3 in the Arista case unsuccessfully argued he or she had a First Amendment right to remain anonymous which outweighed a Plaintiff's right under the Petition Clause of the U.S. Constitution to sue for

copyright infringement.   Additionally, the Second Circuit rejected Doe 3's assertion that the

Supreme Court's heighted pleading standards as announced in <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1337 (2009) made it impossible to plead a

claim of infringement against an on-line anonymous infringer.

> [T]he Court finds that (a) the information sought in the subpoenas is relevant to
> the plaintiff's claims; and (b) under the circumstances, the plaintiff's right to
> pursue its claims of infringement by means of discovering subscriber information
> outweighs the moving defendant's asserted rights to remain anonymous in
> connection with the alleged infringing activity.

<u>Id.</u> at 5.

The online theft of Plaintiff's property greatly damages its business, products, and

reputation.   The phenomenon is pervasive in the adult movie industry.   According to a Miami

New Times survey, thirty two percent (32%) of respondents <u>admit</u> to illegally downloading their

adult movies.[1]   Accordingly, Plaintiff Malibu Media's motivation for bringing these suits is quite

simply to hold the infringers liable for their theft and by so doing hopefully deter the future theft

of its movies.   If there was any easier way to stop the infringement, Malibu Media would

immediately pursue it.

At this stage of the litigation process, Plaintiff has no other option but to file suit against

the owners of these IP addresses to obtain the infringers identity.   If this Court were to follow

Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement

it suffers on a daily basis.   Any such holding would be contrary to existing law and the express

policy of Congress.   In 1999 Congress intentionally amended the Copyright Act to deter

individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the
> Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum</u>

---

[1] <u>See</u> http://business.avn.com/articles/video/Miami-New-Times-Releases-Sex-Survey-Results-447237.html

<u>and maximum awards</u> available under § 504(c).  See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that <u>consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement.</u> Congress found that 'copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies,' and cautioned that 'the potential for this problem to worsen is great.'

<u>Sony v. Tennenbaum,</u> 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

## II.  DEFENDANT SHOULD NOT BE ALLOWED TO PROCEED ANONYMOUSLY

Without obtaining the identity of the Defendant, Plaintiff cannot properly proceed with its claim for copyright infringement.   If the Court were to allow Defendant to proceed anonymously, and prevent Plaintiff from receiving the identity of the Doe Defendant, Plaintiff will not be able to serve the Defendant.  Additionally, Plaintiff will be unable to verify any of the defenses asserted by the Defendant and will be disadvantaged in the discovery process. Ultimately, Plaintiff will be severely prejudiced and face countless procedural difficulties.

Rule 11(a) requires that "[e]very . . . written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number."  Fed. R. Civ. P. 11(a).  "[I]t is impossible for any party or for the Court to communicate with the movant, John Doe, in this action.  A party cannot litigate an action under such circumstances."  <u>Malibu Media, LLC v. John Does 1-13</u>, CV 12-1156 JFB ETB, 2012 WL 2325588 (E.D.N.Y. June 19, 2012).

The Eastern District of Pennsylvania has recognized that "[l]awsuits are inherently public events."  <u>Doe v. Megless</u>, CIV. A. 10-1008, 2010 WL 3076256, at *2 (E.D. Pa. Aug. 5, 2010). <u>See also</u> <u>Doe v. Morrisville</u>, 130 F.R.D. 612, 614 (E.D. Pa. 1990) ("[L]awsuits are public events and the public has a legitimate interest in knowing the pertinent facts, including the true names of the parties").  "The public's right to know the true identity of the parties is concomitant with

4

the right of public access to judicial proceedings and records." Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464 (E.D. Pa. 1997).   While a court may allow a party to proceed anonymously, it may only do so in exceptional cases such as "if a case involves highly sensitive or personal matters, or if there is a concrete risk of injury . . . by disclosure." Doe v. Megless, 2010 WL 3076256, at *2.   "That a [party] may suffer embarrassment or economic harm is not enough." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).

A party must move this Court to enter a protective order "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).   "Otherwise, a party may not proceed to litigate in federal court anonymously except in rare circumstances." Raw Films, Ltd. v. John Does 1-15, CIV. A. 11–7248, 2012 WL 1019067, at *8 (E.D. Pa. Mar. 26, 2012).   Here, Defendant has failed to address what type of protective order he is seeking or offer a valid reason.   Defendant is simply seeking a protective order to avoid being sued for copyright infringement. See Voltage Pictures, LLC, v. Does, 1-5,000, 10-cv-00873-BAH, at *6 (D. D.C. Feb. 24, 2011) ("The use of anonymity as a shield from copyright liability is not a motivation that warrants the protection from the Court"). "The potential embarrassment to Does 1–38 of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously." Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 453 (D. Mass. 2011).

Without Defendant's identifying information, Plaintiff cannot even be certain that it is bringing an action against a proper party to this case.   It is nearly impossible to litigate this case without knowing Defendant's identification because it would inhibit both Plaintiff and this Court from communicating with Defendant.

5

### III.   JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."   Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

Recently this Court, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> After considering the parties' filings in the present matter, we find that severance would be inappropriate at this time. Plaintiff's allegation that Defendants downloaded and shared the same file, were part of the same swarm, and are contributorily liable for each others' infringement is sufficient to establish, at this stage of the proceedings, that the claims against each Defendant are logically related and therefore arise out of the same transaction, occurrence, or series of transactions and occurrences. Further, Plaintiff's infringement claims against each Defendant clearly contain common questions of law and fact.

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG, *3 (E.D. Pa. May 7, 2012) (Emphasis added).

### A.   The Infringement Occurred Through a Series of Transactions

"Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i.      Series of Transactions Explained By the Michigan Court

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant.  In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited.  First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer. Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers.   Third, the Defendant may have connected to or received a piece of the movie from other Defendants that received the movie from the initial seeder or other infringers.  Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.  "In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." <u>Patrick Collins, Inc. v. John Does</u> <u>1-21</u>, 2012 WL 1190840, at *5 (E.D. Mich. Apr. 5, 2012).  Each defendant participated in the

same series of transactions.   These transactions are all reasonably related, not just because

Defendants used BitTorrent, but also because Defendants utilized the computers of others to

download the same file, and allowed others to access their computer to receive it.

The Honorable Mary McLaughlin addressed this exact issue in a similar BitTorrent

copyright infringement action.   Judge McLaughlin held joinder was proper because the claims

arise out of the same series of transactions.   Raw Films v. John Does 1-15, 2012 WL 1019067, at

*4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another
> Doe defendant, the Court is satisfied at this stage of the litigation the claims
> against each Doe defendant appear to arise out of the same series of transactions
> or occurrences, namely, the transmission of pieces of the same copy of the Work
> to the same investigative server.

Id.

### ii. The Supreme Court Allows Joinder When The Defendants Do Not Directly Interact With Each Other

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the

joinder of six defendants, election registrars of six different counties, was proper because the

allegations were all based on the same state-wide system designed to enforce the voter

registration laws in a way that would deprive African Americans of the right to vote.   Although

the complaint did not allege that the registrars directly interacted with each other, or even that

they knew of each other's actions, or that each other's actions directly affected each other in any

way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series

of transactions were related and contained a common law and fact.   Id. at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act
> as part of a state-wide system designed to enforce the registration laws in a way
> that would inevitably deprive colored people of the right to vote solely because of
> their color.   On such an allegation the joinder of all the registrars as defendants in
> a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

Id. at 142.  Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, the defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  In doing so, the Defendants all acted under the same exact system.

**B.  There Are Common Issues of Fact and Law**

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact.  "The Plaintiff meets this requirement.  In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders."  Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant."  Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

**C.  Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable**

Joinder is also proper when, as here, a plaintiff pleads joint and several liability.  See Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")

Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative".  In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "Jointly, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D.  "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally.   Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

### D.  Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants.  "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

This Court has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

10

**E.  The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here**

Defendant cites various cases in an effort to avoid joinder. Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit.   See (1) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (2) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (3) BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, see the Complaint at ¶¶ 4-19 & 23).   Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent swarm.  As the Middle District of Florida states, "[t]he Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)."   K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fla. 2011).

Defendant's citation to LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) is also misplaced.  In LaFace, eleven recording studios sued over dozens of copyrights.  The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol.  Significantly, Gnutella works through one peer to one peer transactions; i.e., a

user connects to one computer and gets the whole file.  Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent.  And, Plaintiff alleged that the Defendants were distributing the pieces to each other.  Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other.  Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants.  This is yet another basis to hold that joinder is proper.

**IV.**   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 21st day of August, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:    /s/ Christopher P. Fiore
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ Christopher P. Fiore