**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------X
                                                                 :
MALIBU MEDIA, LLC,                                               :
                                                                 :      Civil Action No. 2:12-cv-03147-AB
                                 Plaintiff,                       :
                                                                 :
                         vs.                                     :
                                                                 :
JOHN DOES 1-12,                                                  :
                                                                 :
                                 Defendants.                     :
                                                                 :
-----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 1 AND
IN THE ALTERNATIVE MOTION TO QUASH SUBPOENA AGAINST JOHN DOE 1
ONLY [DKT # 13]**

1

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 1 AND IN THE ALTERNATIVE MOTION TO QUASH SUBPOENA AGAINST JOHN DOE 1 ONLY [DKT # 13]**

### I. INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper. The Eastern District of Pennsylvania has often ruled in favor of plaintiffs in copyright BitTorrent infringement actions, holding that the right to receive the defendant's information outweighs any asserted privacy interests and that joinder is proper.  See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012);  Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012); Malibu Media, LLC v. John Does 1-22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012).  "There is extensive caselaw supporting Plaintiff's actions in this case and precluding the Motion's requested relief.  Plaintiff's copyright infringement action is contemplated by modern law and shall proceed."  Id.

Other courts in the Third Circuit have reached similar conclusions.  See K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) ("Plaintiff's interest in discovering Defendants' identities outweighs Defendants' interests in remaining anonymous. Accordingly, the Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered."); see also Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D. N.J. Jan 6, 2012) ("Plaintiff has also sufficiently alleged a central need for the subpoenaed

information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim.")

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity.  If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.  Any such holding would be contrary to existing law and the express policy of Congress.   In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 to increase the minimum and maximum awards available under § 504(c).  See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that 'copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies,' and cautioned that 'the potential for this problem to worsen is great.'

Sony v. Tennenbaum, 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

## II.   JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

Recently this Court, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> After considering the parties' filings in the present matter, we find that severance would be inappropriate at this time. Plaintiff's allegation that Defendants downloaded and shared the same file, were part of the same swarm, and are contributorily liable for each others' infringement is sufficient to establish, at this stage of the proceedings, that the claims against each Defendant are logically related and therefore arise out of the same transaction, occurrence, or series of transactions and occurrences. Further, Plaintiff's infringement claims against each Defendant clearly contain common questions of law and fact. While we recognize that each Defendant may later present different factual and legal defenses, that does not defeat the commonality that supports joinder at this stage.  Therefore, Defendant's motion to sever will be denied without prejudice.

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG, *3 (E.D. Pa. May 7, 2012).

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is not prejudicial to the Doe Defendants.  "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

This Court has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety."  Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

## III.    THE COURT SHOULD NOT QUASH THE SUBPOENA

This Court has determined that Plaintiff has established good cause to issue the Rule 45 subpoena prior to a Rule 26(f) Conference on the Internet Service Providers to determine the

4

Defendants identities.  DE 5.  Defendant has not provided a valid reason to quash the subpoena and his Motion should be denied.

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden.  See Fed. R. Civ. P. 45(c)(3)(A)(i-iv).  The Rule also provides for circumstances in which a court may modify or quash a subpoena.  These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial.  See Fed. R. Civ. P. 45(c)(3)(B)(i-iii).

Defendant has not provided a reason listed above to quash the subpoena.  Indeed, Defendant has not provided any reason.  Defendant asserts "this action has sought by means of immediate discovery, Rule 45 Subpoenas directed to non-party Internet Service Providers (ISPs) to obtain identifying information about subscribers to the named IP Addresses as a result of the alleged uploading and downloading of movie film product by each and every defendant."  Without more, Plaintiff is unable to form an argument or respond to Defendant's assertions.  Because the Court has found good cause exists, this Court should not quash the subpoena.

## IV.   PLAINTIFF HAS DEMONSTRATED A PRIMA FACIE CASE OF PERSONAL JURISDICTION

"[M]ost courts have held that a plaintiff succeeds in making out a *prima facie* case of personal jurisdiction where, relying on geolocation software that can identify the likely geographical locations of IP addresses, the plaintiff alleges that all defendants reside in the state within which the court is located."  Digital Sin, Inc. v. Does 1-27, 12 CIV. 3873 JMF, 2012 WL 2036035 (S.D.N.Y. June 6, 2012).  Here, Plaintiff has made a prima facie case of personal

jurisdiction because it has used geolocation software to determine that the Doe Defendants all live in this state and in this district.  Because geolocation software is not 100% accurate, if Defendant demonstrates that he lives in a different district or state, Plaintiff will immediately dismiss and refile against him in his home location.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 5th day of September, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:      /s/ Christopher P. Fiore
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:      /s/ Christopher P. Fiore